654 So.2d 991 (1995)
Valeri IVANOV, et al., Appellants,
v.
Stuart SOBEL, et al., Appellees.
No. 94-2567.
District Court of Appeal of Florida, Third District.
May 3, 1995.
Rehearing Denied June 7, 1995.
*992 Shubin & Bass and John K. Shubin, for appellants.
Sobel & Sobel and Stuart H. Sobel; Mishan, Sloto, Hoffman & Greenberg and Carol L. Cox, for appellees.
Before SCHWARTZ, C.J., and NESBITT and COPE, JJ.
PER CURIAM.
The Ivanovs, Russian nationals, entered into negotiations to purchase the Sobels' home for $300,000. A $30,000 earnest money binder was placed in the trust account of Kotler Realty, Inc., the procuring broker. The transaction, in substantial part, had been negotiated through the efforts of one of the broker's salespersons, Taisia Buliak, because she spoke fluent Russian.
To facilitate the closing without the Ivanovs having to be present, Mrs. Buliak suggested they form a Florida corporation and place the cash necessary to close in a corporate account and give her authority to draw checks against it. The Ivanovs followed Ms. Buliak's advice, created the corporate account and transferred into the account the remainder of the funds necessary to close the house purchase. Only days before the date set for the closing, Buliak absconded with all the closing money, which caused a collapse of the transaction and a default.
Subsequently, the corporate broker, Kotler Realty, disbursed the $30,000 earnest money binder from its trust account directly to the Sobels based on the Ivanovs' default. The Ivanovs then filed this complaint against the corporate broker, and the errant salesperson, as well as the Sobels, as sellers. The Ivanovs' causes of action against the Sobels were for specific performance and restitution. The Sobels ultimately moved for and procured a favorable summary final judgment validating the disbursement of the trust account to them as liquidated damages. The Ivanovs have appealed claiming that the Sobels were unjustly enriched by the disbursement of the earnest money deposit.
We agree with the trial court that the Sobels, as innocent sellers, are not responsible for the intentional wrongful act of the real estate agent who absconded with the buyer's funds. They could not anticipate the criminal event. The theft did not further the Sobels' interests, as sellers. Perez v. Zazo, 498 So.2d 463 (Fla. 3d DCA 1986); Kirschenbaum v. Rehfield, 539 So.2d 12 (Fla. 3d DCA 1989); cf. Trumbull v. Seawright, 134 So.2d 829 (Fla. 1st DCA 1961) (where one of two innocent persons must suffer from the wrongful act of a third, the person who made the wrongful act possible must bear the loss), cert. denied, 143 So.2d 491 (Fla. 1962). Here, the salesperson's criminal conduct caused the Sobels the loss of the sale, and the Sobels are entitled to rely on the liquidated damages clause as a result of the Ivanovs' consequential default. See Lefemine v. Baron, 573 So.2d 326 (Fla. 1991). Further, the default provision was in no way an unenforceable penalty upon the buyers. Id. The $30,000 deposit was ten percent of the purchase price, and was not grossly disproportionate to any damages that the Sobels might reasonably expect to incur as a result of a default on a $300,000 dollar sale, and the Sobels could have intended only to induce full *993 performance through the deposit amount. Id.
Affirmed.